LYSLE I. ABBOTT, APPELLANT, V. JOHN BARTON ET AL., APPELLEES.

FILED APRIL 7, 1896. No. 6396.

**Ruling on Demurrer: EXCEPTION: REVIEW.** To secure a review of alleged error in sustaining a demurrer to a petition, an exception is indispensably necessary, even though the action is solely for equitable relief.

APPEAL from the district court of Saline county. Heard below before HASTINGS, J.

*Cowin & McHugh* and *Abbott & Abbott*, for appellant.

*F. I. Foss* and *W. R. Matson*, contra.

RYAN, C.

This action was brought into the district court of Saline county by the appellant to enjoin the collection of a judgment rendered against him in the county court of Hall county. The appellee, John Barton, was made a defendant because as sheriff of Saline county he was, as alleged, about to levy an execution for the collection of the afore-

said judgment upon the real property of the plaintiff, and Edward Hooper was made defendant because the said judgment was in his favor. The grounds upon which it was sought to prevent the enforcement of the aforesaid judgment were that it was rendered in favor of Hooper who was not the real party in interest; that service of the summons issued by the county court of Hall county had been made upon the appellant, who at that time was within and a resident of Douglas county, and that there was a defense to the collection of the note sued upon; wherefore, as plaintiff claimed, the county court of Hall county was without jurisdiction to render the said judgment. It is said, in argument, that a general demurrer was sustained to this petition, and that plaintiff having elected to stand thereon, his action was dismissed. This may be assumed to be true, though, as will hereafter appear, it is not very clear that a demurrer was overruled. There is, however, an insurmountable obstacle to our proceeding further in this matter, and that is, that to the ruling of the court no exception was taken. The journal entry first recites the submission of the demurrer to the court and immediately thereafter contains the following language: "On consideration whereof the court overrules said motion. Plaintiff not desiring to plead further, it is therefore considered by the court that the temporary injunction allowed herein be, and the same is hereby, dissolved, and this action is hereby dismissed, and that the defendants have and recover of and from the plaintiff their costs herein expended. Plaintiff gives notice of an appeal and the supersedeas bond is fixed at the sum of $200." There may be an appeal from the judg-

ment of the district court in an equity case, and in this court the review will be had upon the evidence introduced in the district court when properly preserved, but the requirement of an exception to a ruling, whereby a demurrer is sustained to the petition, is as indispensable in an equitable action as in an action at law. The judgment of the district court is

·AFFIRMED.